UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID W NETHERCUTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREG ZEABART, ) <br> GLENNA WESTFALL, ) <br> ) <br> Defendants. ) | Case No. 3:12-cv-00154-RLY-WGH |

**Entry Granting Motions for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff David W. Nethercutt ("Nethercutt") alleges in his complaint that the defendants violated his Fourth Amendment rights to be free from an unreasonable search and seizure and subjected him to a warrantless arrest without probable cause. The defendants are Captain Greg Zeabart of the Vincennes Police Department and Nethercutt's landlord Glenna Westfall. Nethercutt sues the defendants in their individual capacities.

The defendants seek resolution of Nethercutt's claims through the entry of summary judgment. Nethercutt has not opposed the motions.

For the reasons explained in this Entry, the defendants' motions for summary judgment are [Dkt. Nos. 14, 19] are **granted.**

## I. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Nethercutt has not opposed the motions for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Nethercutt as the non-moving party, the following facts are undisputed for purposes of the motions for summary judgment:

On August 1, 2012, Captain Zeabart received a complaint of forgery (writing a bad check) at a local business in Vincennes, Indiana. During his investigation of that forgery, Captain Zeabart learned that the suspect's name was David Nethercutt. As part of his investigation,

Captain Zeabart received notice of several outstanding warrants for Nethercutt out of Knox County and Cass County, including felony warrants for Nethercutt's arrest.

Captain Zeabart learned that Nethercutt resided at 602 Broadway, Apt. 1B in Vincennes. That same day, Officer Reese, another officer with the Vincennes Police Department, went to the apartment for the purpose of arresting Nethercutt. Nethercutt was found at the apartment and after Officer Reese gained entry, she arrested Nethercutt. During the arrest, $423 was confiscated from Nethercutt.

Captain Zeabart did not participate in the arrest of Nethercutt. In fact, he did not even enter the apartment that day.

Defendant Westfall owns the apartment building located at 602 Broadway Street. On August 1, 2012, Westfall received a phone call from the Vincennes Police Department, asking if she had a tenant named David Nethercutt. The police had several arrest warrants for Nethercutt and believed he was in the apartment building. Westfall indicated she had a tenant named David Fleming. The police believed he was the same man as Nethercutt. The police told Westfall they were about to forcibly enter the apartment. The police said that they would wait for Westfall to arrive with keys if she wanted to prevent them from breaking in her door. Westfall arrived at the apartment building and found three officers from the Vincennes Police Department waiting. Westfall knocked on the door and announced her presence. No one answered, and she used her key to unlock the door. While Westfall waited outside the apartment, the three officers went in and emerged with Nethercutt, who was the man Westfall knew as David Fleming.

### B. Analysis

Nethercutt's Fourth Amendment claims are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998).

Nethercutt alleges that Captain Zeabart conducted an unreasonable search and seizure, made a warrantless arrest, and made unlawful entry into his residence. Captain Zeabart first argues that he did not participate in Nethercutt's arrest and therefore he cannot be liable for how the arrest was conducted. This is true. To be liable for damages, an individual must have personally participated in the alleged constitutional deprivation. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (to be liable for the deprivation of a constitutional right, an individual must personally participate in the deprivation or must direct the conduct or have knowledge of and consent to the conduct). Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . . *Monell's* rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.@)(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). Although Captain Zeabart did investigate the forgery charges that led him to suspect Nethercutt, he was not present at the apartment and there is no evidence showing that he directed the manner in which the arrest was conducted. *Sanville,* 266 F.3d at 740.

Even if Captain Zeabart had personally directed what transpired at Nethercutt's residence, "a Fourth Amendment claim for false arrest is foreclosed" if there was probable cause for the arrest. *Fleming v. Livingston County, Ill.,* 674 F.3d 874, 878 (7th Cir. 2012); *see also Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) (probable cause is an absolute defense to any § 1983 claim against police officers for wrongful arrest); *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009). "A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within her knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Fleming*, 674 F.3d at 878-79 (internal quotation omitted). "This standard does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable." *Id.* at 879 (internal quotation omitted).

Information gathered during the investigation and the outstanding warrants from other counties for Nethercutt's arrest all provided probable cause. In addition, to the extent Nethercutt alleges that the officers should have had a search warrant, his theory fails. "[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *United States v. Jackson,* 576 F.3d 465, 468 (7th Cir. 2009) (internal quotation omitted). Nethercutt has presented no evidence showing a genuine issue of material fact as to the constitutionality of his arrest. Captain Zeabart is entitled to summary judgment as a matter of law.

As to Nethercutt's claim against his landlord Westfall, it fails because Westfall is not a state actor. She is a private individual, the owner of the apartment in which Nethercutt resided. In an attempt to assert the existence of state action, Nethercutt alleges that Westfall acted jointly with the Vincennes Police Department in unlawfully entering the apartment. "For an individual

to act under color of law, there must be evidence of a concerted effort between a state actor and that individual." *Fries,* 146 F.3d at 457; *see also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir.1985). "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Fries*, 146 F.3d at 457 (internal quotations omitted).

Here, there was no agreement between Westfall and the Vincennes Police Department to deprive Nethercutt of his constitutional rights. Rather, Westfall was given the opportunity to avoid damage to her apartment building by unlocking the door with her key. Westfall did not jointly engage with state officials in prohibited action. There was nothing prohibiting her, as the owner of the property, from allowing a police officer to enter the premises to arrest a criminal suspect under the circumstances presented here. Nethercutt has presented no evidence that would create a genuine issue of material fact on this issue.[1] Westfall is entitled to summary judgment as a matter of law.

### III.  Conclusion

Nethercutt has not identified a genuine issue of material fact as to his claims against the defendants. Accordingly, the defendants' motions for summary judgment [Dkt. Nos. 14, 19] must be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: 04/29/2013

---

[1] Nethercutt further alleges that after he was incarcerated, Westfall refused to turn over property to him. Again, no constitutional violation arises from this allegation because of the lack of state action. *Fries,* 146 F.3d at 457.

Distribution:

DAVID W NETHERCUTT
2375 S. OLD DECKER RD.
VINCENNES, IN 47591

Electronically Registered Counsel